UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WESTCON MFG, INC. d/b/a THEAM USA,<br><br>        Plaintiff<br><br>   v.<br><br>RotaTHEAM,<br><br>        Defendant<br><br>   and<br><br>Shumaker Industries, Inc.<br><br>        Defendant | CIVIL ACTION<br><br>DOCKET NO. |

**COMPLAINT OF WESTCON MFG, INC. d/b/a THEAM USA**
**(INJUNCTIVE RELIEF SOUGHT)**
**(JURY TRIAL REQUESTED)**

Plaintiff WESTCON MFG, INC. d/b/a THEAM USA ("Westcon" or "Plaintiff") brings this action against Defendant ROTATHEAM ("RotaTHEAM") and Defendant SHUMAKER INDUSTRIES, INC. ("Shumaker" and, together with RotaTHEAM, "Defendants") and asserts:

**INTRODUCTION**

This is an action by Westcon, a Maine-based manufacturer and distributor of conveyors mounted onto mixer trucks and related products and services, against Defendants for willful infringement of Westcon's trademark THEAM, which is registered in the United States with the U.S. Patent and Trademark Office, Reg. No. 2,364,490, and is incontestable pursuant to Section 15 of the U.S. Trademark Act. Exhibit 1 provides a copy of the trademark registration. Westcon

{W4253071.3}

seeks injunctive relief to stop Defendants from marketing, distributing and selling conveyors and/or related products and services associated with the THEAM trademark because such wrongful conduct would cause irreparable harm to Westcon by eroding its prices and diluting its reputation in ways that are exceptionally difficult to quantify.

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Westcon Manufacturing, Inc. is a Maine corporation with its principal place of business at 22 Bibber Parkway, Brunswick, Maine.

2. Upon information and belief, Defendant RotaTHEAM is a French company with offices located at 20, Rue Christophe Colomb, 44340 Bouguenais, France.  RotaTHEAM sells conveyors for use on mixer trucks mostly in Europe under the trademark RotaTHEAM or THEAM.  Defendant RotaTHEAM recently began marketing and selling conveyors and/or related products under the THEAM trademark in the United States, and is utilizing Defendant Shumaker as its distributor of such products.

3. Upon information and belief, Defendant Shumaker, a Pennsylvania corporation with offices located at 924 Water Street, Northumberland, Pennsylvania, is distributing the infringing conveyors and related products on behalf of Defendant RotaTHEAM.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (trademark) & (b) (unfair competition), 15 U.S.C. § 1125(a)(1), 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 (federal question), 1332 (diversity) and the Court's pendent jurisdiction.

5. Venue is proper in this District under 28 U.S.C. §§1391(b) and (c) and 1400(a).

## COMMON ALLEGATIONS

### Westcon and the THEAM Trademark

6. In 1978, Rene Thenaud and M.M. Amour of Bouguenais, France conceived, built and promoted a new system for conveying concrete: a mixer-mounted conveyor. They combined their surnames (THE from Thenaud and AM from Amour) to form the THEAM brand for their invention, formed a company called Thenaud S.A. et Fils, a metal fabrication company owned by Rene Thenaud, and began production.

7. Because of the success of the THEAM conveyors in France, Rene Thenaud and his son, Luc Thenaud, approached their friend and neighbor, Mr. Garrec, in 1980 to expand sales of THEAM conveyors into the United States.

8. Mr. Garrec, seeing the opportunity for success in the United States, formed Concrete Placement Services, Inc. in Colorado in the fall of 1981. Luc Thenaud and Mr. Garrec were co-owners of Concrete Placement Services, Inc. until January 30, 1989, when Mr. Garrec acquired full ownership and renamed the company Westcon Mfg., Inc.

9. Mr. Garrec moved the operations of what is now known as Westcon to Brunswick in 1993, where Westcon now owns a 22,000 square foot facility in which it builds THEAM conveyors.

10. In 2000, Luc Thenaud sold the original French company, Thenaud S.A., that was manufacturing and distributing THEAM conveyors primarily in Europe. Prior to the sale of Thenaud S.A., Mr. Garrec acquired the trademark rights to THEAM. The new owner of Thenaud S.A. subsequently changed the company name to Theam, S.A.

11. In 2000, Mr. Garrec was issued U.S. Trademark Registration No. 2,364,490 (with a priority date of April 1982) for the THEAM mark for conveyors mounted onto mixer trucks. A

copy of the trademark registration for THEAM is annexed hereto as Exhibit 1 (hereafter "THEAM Mark").  Mr. Garrec subsequently assigned all right, title and interest in and to the THEAM Mark to Westcon.

12. The THEAM Mark is now incontestable pursuant to Section 15 of the U.S. Trademark Act.

13. As a result of Westcon's marketing and advertising efforts, and the high quality associated with its THEAM conveyors, Westcon has attained a national reputation for its THEAM conveyors and related goods and services.

14. Westcon markets and advertises its THEAM conveyors on a website, www.theamconveyors.com, regularly in trade magazines, through various trade shows, such as the CON/AGG Show, and distributes internationally.  Westcon is the exclusive owner of all right, title and interest in and to the THEAM Mark in the United States.

**Defendants' Infringing Uses**

15. On or about July 27, 2011, Shumaker used the THEAM Mark in connection with a facsimile advertisement for replacement parts for conveyors ("Infringing Advertisement").

16. Westcon thereafter contacted Shumaker and objected to the Infringing Advertisement on the grounds that it was likely to cause confusion, mistake, deception, dilution and/or tarnishment in violation of Westcon's trademark rights in and to the THEAM Mark.

17. On or about March 5, 2012, Shumaker and Westcon entered into a settlement agreement ("Settlement Agreement") whereby Shumaker agreed to "cease and desist all use of, and [thereafter] refrain from using, the THEAM Mark or any mark confusingly similar thereto." Notwithstanding the obligation to cease and desist using the THEAM Mark, the Settlement Agreement allows Shumaker to "make nominative fair use of the work THEAM solely to inform

consumers that Shumaker repairs, and sells replacement parts intended for, THEAM brand conveyors if and to the extent that such fair use is permitted under U.S. trademark law; provided that:

  i. any such use of THEAM constitutes a true statement;

  ii. except for the disclaimer referenced below, THEAM may appear only once in any particular advertisement;

  iii. THEAM may not be emphasized or set-off against the surrounding text in any manner, including without limitation, use of italics, bold font, different font, highlighting, or differential sizing; and

  iv. any use of the word THEAM shall be accompanied by the following disclaimer in a conspicuous location near the reference to THEAM:

*Shumaker Industries is not an authorized distributor of genuine THEAM replacement parts. THEAM is a registered trademark of Westcon Mfg, Inc. d/b/a/ Theam USA.*

18. On June 25, 2012, RotaTHEAM filed an application to register the trademark ROTATHEAM for, among other things, truck-mounted conveyor belts.

19. The U.S. Patent and Trademark Office refused to allow the registration on the basis of likelihood of confusion with Westcon's THEAM mark.

20. Shumaker is and has been aware of Westcon's THEAM trademark registration since at least 2011.

21. RotaTHEAM is and has been aware of Westcon's THEAM trademark registration since at least 2012.

22. In or about September 2012, Theam, S.A. (of France) was liquidated in bankruptcy and acquired by three former Theam, S.A. employees and a French trailer and dump truck manufacturer. The company name was then changed to RotaTHEAM.

23. In or about July 2013, Westcon learned that RotaTHEAM was planning to export

mixer-mounted conveyors and/or related products to the United States via Shumaker as a distributor.

24. In or about July 2013, Westcon's attorney, Matt Stein, received an inquiry from Shumaker's attorney, John McLaughlin, asking whether Westcon would object to Shumaker selling "Theam France" products under the "Theam France" brand. Mr. Stein advised Mr. McLaughlin that Westcon would almost certainly object. Mr. McLaughlin explained that he would follow up with Mr. Stein.

25. In or about September 2013, the Shumaker website was updated to announce a partnership with a French company called Rotabelt. Shumaker's website now includes a link to www.rotatheam.com, which redirects users to www.theam.com, owned by RotaTHEAM.

26. In or about October 2013, a business colleague contacted Mr. Garrec and reported that a Shumaker representative had told him that Shumaker is selling THEAM conveyors.

27. In or about December 2013, Westcon learned that RotaTHEAM would be attending the World of Concrete convention at the Las Vegas Convention Center in January 2014.

28. On December 17, 2013, counsel for Westcon sent a letter to RotaTHEAM reminding it of Westcon's rights to the THEAM Mark in the United States and requesting that RotaTHEAM confirm that it would not use any variant of THEAM, including ROTATHEAM, in the United States. RotaTHEAM did not respond to this letter, a copy of which is attached hereto as Exhibit 2.

29. In or around late January 2014, Westcon learned that RotaTHEAM, through its website, www.theam.com, is advertising the sale and distribution of THEAM conveyors in the United States through Shumaker ("Infringing Webpage"). Attached hereto as Exhibit 3 is a true

6

and correct screen shot image of the Infringing Webpage advertising that Shumaker is selling THEAM conveyors in the United States.

30. On January 17, 2014, counsel for Westcon sent another letter to RotaTHEAM seeking assurances that RotaTHEAM would not use any variant of the THEAM Mark in the United States in connection with the sale of conveyors and related products. Counsel for Westcon also requested that RotaTHEAM take down the Infringing Webpage. RotaTHEAM did not respond to this letter, a copy of which is attached hereto as Exhibit 4.

31. As of the date of the filing of this Complaint, RotaTHEAM has not taken down the Infringing Webpage.

32. On April 9, 2014, Westcon learned that a sales representative of RotaTHEAM, Vanessa Luque, and an employee of Shumaker attended a sales meeting with a prospective customer. In that meeting Ms. Luque represented that RotaTHEAM is selling THEAM conveyors in the United States and falsely asserted that Westcon was no longer a THEAM distributor.

33. Upon information and belief, the Shumaker representative acquiesced in the representation by Ms. Luque that Defendants are selling THEAM conveyors in the United States and that Westcon is no longer a THEAM distributor.

34. Bills of lading and shipment records that are available online also indicate that RotaTHEAM continues to market, sell and distribute its conveyors and/or related products in the United States under the THEAM Mark. Representative copies of such materials are attached hereto as Exhibit 5.

35. RotaTHEAM, moreover, appears to be using the company name of "THEAM / ROTATHEAM" when shipping conveyors and related products into the United States.

36. Moreover, RotaBELT's brochure, a true and accurate copy of which is attached hereto as Exhibit 6, displays on its cover page a photograph of a THEAM conveyor manufactured and sold by Westcon through its Canadian distributor since 1983, London Machinery. This brochure was updated September 12, 2013. The same photograph (front center of the brochure) is found at www.sarjeants.com on the homepage, as shown in a true and accurate printout of that website attached hereto as Exhibit 7.

37. On the second page of the RotaBelt brochure is another photograph (top center) that displays a THEAM conveyor that was also manufactured by Westcon and sold and installed by Westcon's Canadian distributor. The same photograph is found at www.stubbes.org, as shown in a true and accurate printout of that website attached hereto as Exhibit 8.

38. Currently, a former Westcon employee, Mark Knutson, who now works for Shumaker, describes Westcon as "Old Dist. For Theam Conveyors" as part of his LinkedIn profile. *See https://www.linkedin.com/pub/mark-knutson/25/b22/52a.* Mark Knutson is now the Sales and Service Representative for mixer-mounted conveyors and parts offered by Shumaker.

39. On or about April 11, 2014, Mr. Garrec met with a representative of Lafarge North America in New York. The Lafarge representative showed Mr. Garrec two brochures that a Shumaker sales representative had left at Lafarge. One brochure featured Shumaker's general equipment and mixer replacements. The second brochure was the RotaBelt brochure attached at Exhibit 6 hereto, advertising RotaBelt's mixer-mounted conveyor.

40. On the brochures was a note handwritten on a Shumaker notepad that read: "We have all Parts for THEAM conveyors." Upon information and belief, the note was written by Mark Knutson.

41. Defendants have not obtained a license from Westcon to use the THEAM Mark

for the marketing, distribution or sale of conveyors in the United States.

## COUNT I

### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 herein.

43. Defendants' unauthorized use of the THEAM Mark is likely to cause confusion or mistake, or to deceive consumers with respect to: (i) the affiliation, connection, or association of Westcon and Defendants; and (ii) the endorsement and approval of Defendants' conveyor and related products by Westcon.

44. The foregoing acts of Defendants constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT II

### TRADEMARK INFRINGEMENT UNDER LANHAM ACT SECTION 32

46. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 45 herein.

47. The foregoing acts of Defendants constitute trademark infringement in violation

of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT III

### DILUTION UNDER THE FEDERAL ANTIDILUTION ACT

49. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 48 herein.

50. The foregoing acts of Defendants are likely to injure Weston's business reputation, impair the effectiveness of Weston's trademark, and dilute the distinctive quality of the Weston's trademark. The foregoing acts of Defendants constitute unlawful and intentional dilution in violation of the Federal Antidilution Act, 15 U.S.C. § 1125(c).

51. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT IV

### TRADEMARK DILUTION UNDER MAINE LAW

52. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 51 herein.

53. The foregoing acts of Defendants are likely to injure Weston's business reputation, impair the effectiveness of Weston's trademark, and dilute the distinctive quality of the Weston's trademark. The foregoing acts of Defendants constitute unlawful and intentional dilution in violation of the Maine Dilution Statute, 10 M.R.S.A. § 1530.

54. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT V

### MAINE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

55. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 54 herein.

56. The foregoing acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of Maine.

57. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT VI

### MAINE DECEPTIVE TRADE PRACTICES

58. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 57 herein.

59. The foregoing acts of Defendants are likely to injure Weston's business reputation, impair the effectiveness of Weston's trademark, and cause confusion or misunderstanding as to the source, endorsement, approval or certification of the Infringing Webpage and conveyors and related products. The foregoing acts of Defendants constitute deceptive trade practices in violation of the Maine Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211-1216.

60. By reason of the foregoing acts of Defendants, Westcon has sustained and, unless Defendants are enjoined, will continue to sustain substantial injury and damage. Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched as a result of the foregoing acts. Defendants' acts, unless enjoined, will cause Westcon continuing irreparable harm. Westcon has no adequate remedy at law.

## COUNT VII

### BREACH OF CONTRACT AGAINST SHUMAKER INDUSTRIES

61. Westcon repeats and realleges each and every allegation set forth in paragraphs 1 through 60 herein.

62. The foregoing acts by Shumaker constitute a breach of the Settlement Agreement with Westcon.

63. By reason of the foregoing acts of Shumaker, Shumaker has wrongfully derived income and profits that would otherwise inure to the benefit of Westcon. Westcon has, as a

result, sustained damages.

**WHEREFORE,** Westcon respectfully prays the Court for the following relief:

A. An order preliminarily and permanently enjoining Defendants, their respective officers, directors, employees, agents, servants, representatives, partners, subsidiaries, attorneys and any persons under their control or acting in concert or privity with them, or persons purporting to act on their behalf from: selling, licensing, distributing, exploiting, marketing, advertising, promoting, or causing or authorizing the sale, license, distribution, exploitation, marketing, advertising, or promotion of the THEAM Mark or any conveyors or related products bearing the THEAM Mark;

B. An order directing Defendants to file with the Court and serve on Westcon within twenty (20) days after the entry of any injunction, a report in writing under oath, setting forth in detail the manner or forum in which Defendants have complied with the injunction;

C. An order that Defendants deliver and destroy the original and all copies of products, labels, signs, prints, wrappers, advertisements, and promotional items in the possession or control of Defendants that contain the THEAM Mark;

D. An award of Weston's actual damages plus Defendants' profits pursuant to 15 U.S.C. § 1117 and otherwise;

E. An award of Weston's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, 10 M.R.S.A. § 1213 and otherwise;

F. An award of treble damages under 15 U.S.C. § 1117 and otherwise;

G. Such other and further relief, including enhanced damages, as the Court

may deem just and proper.

Dated:  May 22, 2014

/s/ Margaret Minister O'Keefe
Margaret Minister O'Keefe
Matthew D. Stein
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
Telephone: (207) 791-1340
Facsimile: (207) 791-1350
mokeefe@pierceatwood.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

/s/ Margaret Minister O'Keefe
Margaret Minister O'Keefe